Craig v. Hulschizer.

---

THOMAS CRAIG AND ROBERT CRAIG v. JOEL HULSCHIZER AND EDWARD O. HULSCHIZER.

1. If one partner endorses a receipt of a part payment on a promissory note, the property of the partnership, in satisfaction of his individual debt, the firm cannot, in a suit at law, rescind such payment and sue for the original amount.

2. The principle is, that a person cannot be allowed as a plaintiff in a court of law, to *rescind* his own act on the ground of his own misconduct towards his partner.

3. This rule has no application where the firm are defendants.

---

Case certified from the Warren Circuit Court.

The suit was on a promissory note made by the defendants to the plaintiffs, who were partners. This note was given to and belonged to the firm, and the defendants were aware of the fact. Thomas Craig, one of the plaintiffs, became indebted to the defendants in the sum of $700, and agreed to settle this individual debt by endorsing a payment to that amount on the note of the firm. This was accordingly done.

The controversy was, whether this payment could be repudiated in the present suit. A verdict was taken for the full amount of the note and the case certified to this court for its advisory opinion.

The cause was argued before BEASLEY, CHIEF JUSTICE, and BEDLE, DALRIMPLE, and SCUDDER, Justices.

For plaintiffs, *J. G. Shipman.*

For the defendants, *Jas. M. Robeson.*

BEASLEY, CHIEF JUSTICE. This case is that of a partner endorsing a credit on the note of the firm in settlement of his individual liability. It is admitted that there was no actual fraud intended, and it also appears that the arrangement was made without the knowledge of the other member of the partnership.

That the property or funds of a partnership cannot lawfully be applied by one partner, without the assent of the other members of the firm, to his own individual uses, is a proposition that none will deny. Such a misappropriation, no matter how innocent the intention of the parties to it may be, is deemed a fraud in law, and if it creates a mere executory right, cannot be enforced against the firm. Thus, where the note of the firm is given in payment of the private debt of one of the partners, such note is void in the hands of every person cognizant of the circumstance. This rule is settled by a long series of cases, among which is an adjudication of this court—*Mecutchen* v. *Kennady,* 3 *Dutcher* 230. But in this class of cases the partners are defendants in the suit, and it is altogether consistent with legal science for the partner who has not assented to the contract sought to be enforced, to set up as a defence the want of authority in his co-partner to enter into it. Partners are agents of each other in the conduct of the joint business only; none of them have power to divert the common property to an individual purpose, and the consequence is, that when such an

attempt is made, and a suit is brought to effectuate it, the non-assenting partner, in strict accordance with ordinary principles, can repudiate the transaction. In these instances the plaintiff in the action must show a cause of action against all the members of the firm, and consequently any one member can defeat the suit if he can manifest the invalidity of the cause of action with respect to himself. Wherever, therefore, the unauthorized contract is unexecuted, and must be enforced by a suit at law, no difficulty can exist in preserving and protecting the rights of those members of the partnership who have not consented to its formation.

But the case now before the court belongs to a different order. The contract in question has been executed, and the purpose *pro tanto* of the present suit is to invalidate and vacate it. The incongruity in the position of one of the plaintiffs is obvious. Thomas Craig has in part canceled this note in suit in payment of his own debt; and he is now in court insisting that such act is void, on the ground that he had no authority to do it, and that it was a fraud on the rights of his co-partner. Nor can this unfitness as plaintiff of the one partner be compensated by the merits of the other plaintiff, because in an action *ex contractu* the plaintiffs claim by and through each other, so that whatever will defeat the right of the one will have the same effect upon the right of all. If this contract out of which this payment arose is to be rescinded, such rescission is the joint act of both these plaintiffs, and must enure to the benefit of both. In this legal proceeding these plaintiffs cannot be separated, and hence the difficulty of sustaining such proceedings. The question does not relate to the right of the partners *inter se.* There is no doubt on that subject, as it is clear that the defrauded partner can, by suit in equity in his own name, be relieved, if necessary for his protection, against the unauthorized misappropriation of the funds or property of the firm. So, likewise, the creditors of the firm have a similar remedy. The means of redress to all persons injured are ample and complete, and it is on this account that in most

instances, when the point has arisen, courts have refused to permit a party plaintiff to found his right to a recovery on a rescission of his own act, on the ground that such act was a fraud in law. This is clearly the English practice, the leading case being that of *Jones and others* v. *Yates and others*, 9 *Barn. & Cress.* 532. In that case one of the partners gave bills, the property of the partnership, in payment of his own debt, and also applied part of the partnership funds to the same end, and the court resolved that an action in the name of the firm would not lie in trover for the bills, or in *assumpsit* for the money. Lord Tenterden, in explaining the grounds of decision, says: "We are not aware of any instance in which a person has been allowed, as a plaintiff in a court of law, to rescind his own act, on the ground that such act was a fraud on some other person." The earlier case of *Richmond* v. *Heapy*, 1 *Stark.* 202, and the later one of *Wallace* v. *Kelsall*, 7 *Mees. & W.* 264, rest on the same principle. In this latter case Baron Parke is equally emphatic in his language with Lord Tenterden, and says: "That a person cannot be allowed, as a plaintiff in a court of law, to rescind his own act by joining his co-partners with him." The doctrine of these decisions has been approved of by the Supreme Court of Massachusetts." *Homer and another* v. *Wood and another*, 11 *Cushing* 62. The facts involved in this last case were similar to those now before this court, one member of the firm having settled a demand due from him individually, by setting off and discharging a demand due from his creditor to the partnership. The result reached was, that such settlement could not be rescinded in a suit at law in the name of the firm. The same rule is recognized in *Greeley* v. *Wyeth*, 10 *New Hamp.* 15, and is stated as settled law by the best text writers. *Collyer on Part.*, § 643; *Story on Part.*, § 238.

It is true the decisions in New York and Pennsylvania have an adverse aspect. But in the former state an early case is followed, in which the difficulty of permitting a plaintiff in an action at law to found his right of recovery on his own

Craig v. Hulschizer.

wrongful act was not even noticed; while in the latter state the fusion of the legal and equitable methods renders its decisions in a question of this character of greatly diminished value. The weight of authority is decidedly against the legality of such a suit as the present. Nor do I think this rule is likely to occasion either inconvenience or injustice. Where the partner who misappropriates the common assets is solvent, the other members of the firm can sustain no loss, and there is, consequently, in such cases, no reason why the transaction involving the misappropriation should not be allowed to stand in favor of a stranger who has intended no wrong. But in case such solvency does not exist, as has been already remarked, the equitable remedy is entirely adequate. But in this latter mode the transaction will be set aside to the extent only which the justice of the case requires; while at law, if it be a defence at all, it must be such in every instance, and to the full extent of defeating the arrangement made in good faith, and which upon the merits would not be disturbed. The present case is an example of the results of the principle as applied in a court of law. Thomas Craig, one of the plaintiffs, made an honest bargain with the defendant; he promised at the time to make it all right with his copartner; he is amply responsible, so that the firm can sustain no loss by the credit on the firm note; and he is now in this court setting up the technical rights of his partner, in order to defeat his own bargain. I think, in view of the authorities referred to, as well as upon principle, a right of action cannot accrue from such a state of facts.

A new trial should be granted, unless the plaintiffs will consent to receive the verdict to the amount due, after a deduction of the payment endorsed upon the note in suit.

BEDLE, DALRIMPLE, and SCUDDER, Justices, concurred.